UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) |
| | ) |
| Endia Delores Nipper and TDNS Tax Services, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PERMANENT INJUNCTION

The United States of America files this complaint for permanent injunction and alleges as follows:

1. This is a civil action brought by the United States of America under Sections 7402(a), 7407 and 7408 of the Internal Revenue Code (26 U.S.C.) ("I.R.C.") to enjoin Endia Delores Nipper and TDNS Tax Services from:

   a. Preparing, filing or assisting in the preparation or filing of any federal income tax return for any other person or entity;

   b. Providing any tax advice or services for compensation, including preparing or filing returns, providing consultative services, or representing customers;

   c. Engaging in conduct subject to penalty under IRC §§ 6694, 6695 or 6701, including understating a taxpayer's liability and failing to supply a list of clients or provide copies of clients' tax returns to the Internal Revenue Service on request;

   d. Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws.

## AUTHORIZATION

2. This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of the Attorney General of the United States, pursuant to the provisions of IRC §§ 7402, 7407 and 7408.

## JURISDICTION AND VENUE

3. Defendant Nipper resides at 2401 Mims Road, Hephzibah, Georgia, 30815, and she operates a tax return preparation business at 2439 Peach Orchard Road, Augusta, Georgia 30906.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402, 7407 and 7408.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396, and IRC §§ 7407 and 7408.

## DEFENDANT NIPPER'S FRAUDULENT TAX PREPARATION SCHEME

6. Defendant Nipper graduated from the University of South Carolina in 1995 with a B.S. in accounting. She also earned a Masters Degree in Health Services from Central Michigan University in 2000.

7. Defendant Nipper does not hold any professional licenses, and she is not a member of any professional organizations. Defendant Nipper has taken a tax training course at Rhodes Murphy, a tax preparation service located in the Augusta, Georgia area. To keep up with changes in the tax law, she reads the Internal Revenue Service's website and takes free courses offered by the IRS.

8. TDNS Tax Services is a sole proprietorship owned by Defendant Nipper's mother, Jessie Mackie. Since 2000, Defendant Nipper has worked for TDNS Tax Services preparing tax returns. She also offers consulting to small businesses and assists clients in obtaining SS-4 and state identification numbers.

9. Although Defendant Nipper claims to be an independent contractor for TDNS Tax Services, TDNS Tax Services does not issue her a Form 1099. Instead, Defendant Nipper takes money out of TDNS Tax Service's bank account and reports those draws as her Schedule C gross receipts.

10. Defendant Nipper is the only person at TDNS Tax Services who prepares tax returns. Defendant Nipper is assisted by a secretary, who is the only other person working at TDNS Tax Services.

11. 26 C.F.R. § 1.6695-2 contains regulations regarding due diligence requirements for determining a person's eligibility for the earned income credit and the amount of that credit. I.R.C. § 6695(g) imposes a $100 penalty per failure on a tax return preparer who fails to comply with the due diligence requirements with respect to determining eligibility for, or the amount of, the allowable earned income credit.

12. Beginning on October 4, 2006, the Internal Revenue Service conducted an investigation of Defendant Nipper for returns she prepared during the 2005 tax year to determine whether she was complying with the "due diligence" requirements with respect to 1) the eligibility of taxpayers to claim the earned income credit on returns she prepared, and 2) whether the amount of the earned income credit claimed on those returns was correct.

13. The Internal Revenue Service reviewed 100 client files and returns that Nipper prepared. Each of the 100 returns included a Schedule C and had a claim for the maximum or near the maximum earned income credit allowable by law.

14. There were no earned income credit eligibility questionnaires in any of the client files and there was no indication that Defendant Nipper asked questions regarding her clients' eligibility for the earned income credit. Also, almost 90% of the returns claimed head of household filing status. The Internal Revenue Service determined that Nipper failed to meet the due diligence requirements for all 100 returns.

15. Based on the results of reviewing these 100 returns, the Internal Revenue Service assessed a penalty, pursuant to I.R.C. § 6695(g), of $100 per return for a total penalty of $10,000. Defendant Nipper appealed the penalty to the Internal Revenue Service's Appeals Division, but on April 22, 2008, the penalty was upheld in full. Defendant Nipper paid the full penalty in June 2008.

16. Defendant Nipper prepared 3,636 returns in 2007, 3,799 returns in 2008, 3,801 returns in 2009, and 3,731 returns in 2010. An overwhelming number of the returns filed over this four year period (94-96% each year) claimed refunds and a large percentage of them (49-52% each year) included a claim for an earned income credit.

17. The Internal Revenue Service audited 172 tax returns that Nipper prepared prior to 2010 and that claimed the earned income tax credit. These audits resulted in a disallowance or reduction of the earned income credit on 154 of the 172 tax returns. This is a disallowance or reduction rate of nearly 90%. The total adjustments on these tax returns equals $696,309, which amounts to an average of $4,048 per return. There are

also 53 audits ongoing for tax returns she prepared in 2010, but the results of those audits are not yet available.

18.     In 2010, the Internal Revenue Service again contacted Defendant Nipper to determine whether she was complying with the due diligence regulations governing the earned income tax credit. The Internal Revenue Service requested that she provide ten random client files and tax returns for it to review.

19.     After reviewing the ten client files and tax returns, the Internal Revenue Service determined that Defendant Nipper was still not complying with the due diligence regulations. For example, the client files did not include any documentation, as required by the regulations, verifying that her clients were eligible for the earned income tax credit.

## HARM TO THE UNITED STATES

20.     Defendant Nipper's fraudulent preparation of tax returns has caused a significant and irreparable harm to the United States and to her clients. As a result of the audit of the 172 tax returns, her clients owe an additional $696,309 in taxes.

21.     As a result of Defendant Nipper's fraudulent preparation of these returns, her clients also owe interest and penalties that they would not otherwise have owed had Defendant Nipper correctly prepared their tax returns. Any clients that cannot immediately pay back the additional tax that they owe as a result of the audits will continue to accrue interest until that tax is paid, and they will face the continuing prospect of collection activity by the Internal Revenue Service (e.g., wage levies, property seizures, etc...) for their unpaid taxes. Her clients will also never be compensated for the time and money they spent to go through the audits of their tax returns.

22. The 172 tax returns are just a small portion of the total tax returns that Defendant Nipper has prepared in the last decade. As previously stated, she prepared over 3000 tax returns in each year from 2007-2010. In 2010, for example, 96% of the returns that she prepared claimed a refund, and 52% of those returns included a claim for the earned income tax credit. Thus, nearly half the 3731 tax returns that she prepared in 2010 claim the earned income tax credit.

23. Given the rates of fraud in earned income tax credit claims uncovered each time that the Internal Revenue Service reviews a sample of returns prepared by Defendant Nipper, the tax loss alone in the more than 3,700 tax returns that she prepared in 2010 is likely to be in the millions of dollars. The tax loss in the prior years is also likely to be substantial.

24. The Internal Revenue Service does not have the resources to audit all of the tax returns that Defendant Nipper prepared in 2010 that claim the earned income credit. Thus, the Internal Revenue Service will never be able to fully recover all the taxes, interest and penalties that are owed as a result of her fraudulent preparation of tax returns.

25. Likewise the Internal Revenue Service does not have the resources to audit all of the tax returns that she prepared in prior years that claim the earned income tax credit, and as a result the government will not be able to collect substantial taxes that are owed in those years but that were not properly reported or paid due to Defendant Nipper's fraudulent preparation of tax returns.

26. Defendant Nipper knows or should know that her conduct is illegal.

27. Defendant Nipper has been actively preparing tax returns since 2000. She has taken a tax training course, and she uses the IRS website and takes free IRS courses

to keep current on tax law.  Moreover, the eligibility requirements for the earned income tax credit is a relatively simple part of the tax law and should be well within her knowledge as somebody who has been preparing tax returns for nearly a decade and who has prepared thousands of tax returns claiming the credit.

### COUNT I:  PERMANENT INJUNCTION UNDER IRC § 7402

28. Section 7402(a) of the Internal Revenue Code authorizes a district court to render judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

29. Defendant Nipper, on behalf of and through TDNS, has continually prepared tax returns containing fraudulently earned income tax credit claims.  Her actions substantially interfere with the administration and enforcement of the internal revenue laws and cause irreparable injury to both the United States and to her clients.  She has engaged in this fraudulent conduct over the course of several years, and she has continued to do so despite having been assessed preparer penalties for this conduct and despite knowing that the Internal Revenue Service continues to audit and review tax returns that she prepares. Unless Nipper and TDNS are permanently enjoined by this Court from preparing tax returns, this fraudulent conduct is likely to continue.

30. The harm to the United States without the permanent injunction outweighs any harm to Defendants if the permanent injunction is granted.  If Defendants are not permanently enjoined from preparing tax returns the United States will suffer significant losses in its collection of taxes.  It will also expend significant time and money, which it will never be able to recover, trying to compel their compliance with the internal revenue laws.

31.   Although a permanent injunction would prevent Defendants from preparing any tax returns, such an occurrence would only be a direct result of their own fraudulent actions over an extended period of time.  Moreover, because Defendant Nipper's business and income is premised largely on the preparation of fraudulent income tax returns, this is not an interest that the Court should even weigh in deciding whether to issue a permanent injunction.

32.   The public interest strongly favors permanently enjoining Defendants from preparing tax returns.  The public is best served by having only ethical and honest tax return preparers in business.  Permanently enjoining Defendants would ensure that members of the public are not unknowingly subject to her fraudulent return preparation practices, which makes it more likely that the innocent taxpayers will be audited by the Internal Revenue Service, owe additional taxes, interest and penalties, and face collection actions until those amounts are paid in full.

33.   The public interest is also served by having each person pay the full amount of taxes that they owe and by having the government collect the full amount of taxes to which it is entitled.  This prevents those people whose tax returns are correctly prepared from shouldering a greater portion of the tax burden at the expense of people whose tax returns include fraudulent earned income tax credit claims.

34.   The United States is entitled to injunctive relief under IRC § 7402(a), and the Court should permanently enjoin Defendants from preparing tax returns.

## COUNT II:  PERMANENT INJUNCTION UNDER § 7407

35. I.R.C. § 7407 authorizes a district court to enjoin a tax return preparer upon a finding that the tax return preparer has:

(a) engaged in conduct subject to penalty under I.R.C. § 6694, which penalizes return preparers i) who knowingly prepare a return that contains an unrealistic position, ii) who willfully attempt to understate tax liability on a return that they prepare, or iii) who prepare a return that understates tax liability as a result of their reckless or intentional disregard of rules or regulations;

(b) engaged in conduct subject to penalty under I.R.C. 6695(g), which penalizes return prepares who fail to be diligent in determining eligibility for the earned income tax credit; and

(c) engaged in any fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

36. Pursuant to § 7407(b), if the Court finds that a tax return preparer has continually or repeatedly engaged in this conduct and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the Court may enjoin such person from acting as a tax return preparer.

37. Defendant Nipper, on behalf of and through TDNS, has continually and repeated engaged in conduct subject to penalty under §§ 6694 and 6695.  She has, over the course of several years, prepared tax returns that claim the earned income tax credit for clients who are not eligible for that credit.  She has prepared these tax returns knowing that her clients are not eligible for the earned income tax credits, without diligently

determining whether they are eligible for the earned income tax credit or a combination of the two. Regardless, she has shown a reckless and intentional disregard for the laws and regulations governing the earned income tax credit, and her conduct has substantially interfered with the proper administration of the internal revenue laws.

38. Defendant Nipper has continued this fraudulent conduct despite knowing that the Internal Revenue Service audits and reviews tax returns that she prepares and despite having been previously assessed preparer penalties. She will continue this brazen fraudulent conduct unless permanently enjoined from preparing tax returns.

39. The United States is entitled to injunctive relief under IRC § 7407, and the Court should permanently enjoin Defendants Nipper and TDNS from preparing tax returns.

## COUNT III:  PERMANENT INJUNCTION UNDER IRC § 7408

40. I.R.C. § 7408 authorizes a district court to enjoin a tax return preparer from engaging in conduct subject to penalty under I.R.C. § 6701, which penalizes a tax return preparer who aids and assists in the preparation of tax returns that the preparer knows will result in an understatement of tax liability.

41. Defendant Nipper, on behalf of and through TDNS, has engaged in conduct subject to penalty under IRC § 6701 by preparing income tax returns that claim the earned income tax credit when she knows or should reasonably know that her clients are not eligible for that credit.

42. Defendant Nipper's actions described above fall within IRC § 7408(c)(1), and injunctive relief is appropriate to prevent recurrence of this conduct.

43. Accordingly, Defendants Nipper and TDNS should be permanently enjoined from preparing any returns that claim the earned income tax credit. In the alternative they should be enjoined from preparing any returns that claim the earned income tax credit without verifying that their clients are eligible for the credit and without keeping documentation of that eligibility, which the Internal Revenue Service or this Court can use to verify Defendants' compliance with the injunction.

WHEREFORE, plaintiff United States of America requests that the Court:

A. Find that Defendants have continually and repeatedly engaged in conduct subject to penalty under IRC §§ 6694, 6695 and 6701, or otherwise engaged in conduct that interfered with the enforcement of the internal revenue laws, and that injunctive relief against them is appropriate pursuant to IRC §§ 7402(a), 7407 and 7408 to prevent recurrence of that conduct;

B. Enter a permanent injunction prohibiting Defendants Nipper and TDNS Tax Services from directly or indirectly:

  1. Preparing, filing or assisting in the preparation or filing of any federal income tax return for any other person or entity;

  2. Providing any tax advice or services for compensation, including preparing or filing returns, providing consulting services, or representing customers;

  3. Engaging in conduct subject to penalty under IRC §§ 6694, 6695 or 6701, including understating a taxpayer's liability and failing to supply a list of clients or provide copies of clients' tax returns to the Internal Revenue Service on request; and

  4. Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;

C. Enter an order:

1. Requiring Defendants, at their own expense, to send by certified mail, return receipt requested, a copy of the final injunction entered against them in this action to each person for whom they, or anyone at their direction or in their employ, prepared federal income tax returns or any other federal tax forms after January 1, 2008, and further requiring that they include a copy of the eligibility requirements for the earned income credit and direct their clients to independently review whether they are eligible for the earned income credit, and if not, file amended tax returns disclaiming the earned income credit that was claimed on their original returns;

2. Requiring Defendants and anyone who prepared tax returns at their direction to turn over to the United States copies of all returns or claims for refund that they prepared for customers after January 1, 2008;

3. Requiring Defendants and anyone who prepared tax returns at their direction, to turn over to the United States a list with the name, address, telephone number, e-mail address (if known), and social security number or other taxpayer identification number of each customer for whom they prepared returns or claims for refund after January 1, 2008;

4. Requiring Defendants, within forty-five days of entry of the final injunction in this action, to file a sworn statement with the Court evidencing their compliance with the foregoing directives; and

5. Requiring Defendants to keep records of their compliance with the foregoing directives, which may be produced to the Court, if requested, or to the United States pursuant to paragraph D, below;

D. Enter an order allowing the United States to monitor Defendants' compliance with the permanent injunction and to conduct post-judgment discovery in accordance with the Federal Rules of Civil Procedure; and

E. Grant the United States such other relief as the Court deems appropriate.

Respectfully submitted,

John A. DiCicco
Acting Assistant Attorney General


*s/Brian R. Harris*
BRIAN R. HARRIS
Florida Bar No. 512001
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6483
Facsimile:  (202) 514-9868
Email: brian.r.harris@usdoj.gov

Of counsel:

Edward J. Tarver
United States Attorney


*s/Shannon H. Statkus*
Shannon H. Statkus
SC Bar # 70410
Assistant U.S. Attorney, SDGA
United States Attorney's Office
P.O. Box 2017
Augusta, GA 30903
Telephone:  (706) 724-0517
Facsimile: (706) 724-7728
Email: shannon.statkus@usdoj.gov